UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CLARENCE A. STOKES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-194 |
| | ) | |
| AGING AND IN-HOME SERVICES OF | ) | |
| NORTHEAST INDIANA, Inc., | ) | |
| SENTRY INSURANCE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Appointment of Counsel (Docket # 14) filed by *pro se* Plaintiff Clarence A. Stokes, who asserts various claims against the Defendants for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Americans with Disabilities Act, 42 U.S.C. § 12101, among others. The Court requested that Plaintiff submit a Questionnaire for Appointment of Counsel (Docket # 16), which he promptly did (Docket # 17). The Questionnaire revealed that Plaintiff has spoken to two lawyers, neither of whom would take his case. For the reasons given below, Plaintiff's Motion will be DENIED.

"There is no constitutional or . . . statutory right to counsel in federal civil cases—only a statute that authorizes the district judge to request, but not to compel, a lawyer to represent an indigent civil litigant." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) (internal citations omitted); *see Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); 28 U.S.C. § 1915(d); 42 §

2000e-5(f)(1). A litigant must first make a reasonable attempt to secure representation on his own before asking for court-appointed counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint counsel for an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *Jackson*, 953 F.2d at 1073)).

Furthermore, whether to appoint counsel in a federal civil case is a matter confined to the district court's discretion. *Farmer*, 990 F. 2d at 323. The decision to recruit counsel comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655; *see also Hammer v. Ashcroft*, 512 F.3d 961, 971 (7th Cir. 2008). The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655; *see also Hammer*, 512 F.3d at 971. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted); *see also Hammer*, 512 F.3d at 971.

On his completed Questionnaire, Stokes indicated that he has contacted two attorneys concerning his case (*see* Questionnaire for Appointment of Counsel ¶ 6, Ex. 6-9), despite the

2

requirement that he contact at least three. His failure to meet this threshold requirement is fatal to his request for appointment of counsel. *Jackson*, 953 F.2d at 1073. Furthermore, it appears that Plaintiff is quite capable of prosecuting his own claim. Plaintiff is articulate and diligent and has demonstrated that he has an excellent recollection of the facts. He has apparently amassed a significant number of written records concerning the events, drafted an adequate complaint, and was able to engage in a scheduling conference with the Court and Defendants. Considering the foregoing, Plaintiff appears competent to adequately handle the discovery process, summary judgment briefing, and trial of this relatively straightforward discrimination case. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple case).

Finally, it is unclear whether an appointment of an attorney would make a difference in this case. Apparently, the two lawyers who did look at the case did not believe that his claims had merit. Moreover, many, if not all, of Plaintiff's claims may be time-barred, a fact to be addressed by Defendants in a forthcoming Motion for Partial Summary Judgment.

In short, the Court believes that Plaintiff is competent to prosecute this case, and thus his Motion for Appointment of Counsel (Docket # 14) is DENIED. Of course, Plaintiff is free to attempt to secure counsel on his own. SO ORDERED.

Enter for September 28, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge