UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLARENCE A. STOKES, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:09-CV-00194 |
| ) | |
| v. ) | |
| ) | |
| AGING AND IN-HOME SERVICES ) | |
| OF NORTHEAST INDIANA, INC., ) | |
| and SENTRY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants, ) | |

## OPINION AND ORDER

Before the Court is a motion to stay discovery (Docket # 44) filed by Defendant Aging and In-Home Services of Northeast Indiana, Inc. ("AIHS"), on December 4, 2009, requesting that all discovery be stayed in this case until such time as the District Court rules on its pending motion for summary judgment (Docket # 23). *Pro se* Plaintiff Clarence Stokes opposes AIHS's motion but his response is difficult to follow, failing to coherently articulate any argument with sufficient particularity. (Docket # 46.)

As background, AIHS filed its motion for summary judgment in this case on October 9, 2009. (Docket # 23.) Stokes responded on October 19, 2009 (Docket # 27), and AIHS timely replied on November 13, 2009 (Docket # 35). On December 1, 2009, Stokes served interrogatories on AIHS (Docket # 39, 41), prompting AIHS to file the instant motion to stay discovery. On December 7, 2009, the District Court granted Stokes leave to file an amended complaint and, accordingly, AIHS leave to amend its motion for summary judgment. (Docket # 45.) After Stokes filed his amended complaint (Docket # 47), AIHS renewed its motion for

summary judgment, stating that it "stands upon the arguments previously raised." (Docket # 50.)

Here, Stokes filed his response to AIHS's summary judgment motion before he served AIHS with discovery, and thus he does not argue that he needs to perform discovery under Federal Rule of Civil Procedure 56(f) in order to respond to the motion for summary judgment. Indeed, because the motion is fully briefed and is potentially dispositive of this case, any further discovery prior to the District Court's ruling on the motion for summary judgment is potentially futile and merely increases the burden of litigation on the parties and the Court. *See generally Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) ("In deciding whether to enter . . . a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court."). Furthermore, Stokes makes no assertion, and nor is any apparent, that he would be prejudiced by a stay of discovery.

Therefore, AIHS's motion to stay discovery (Docket # 44) is GRANTED. All further discovery is STAYED in this case until such time as the District Court rules on AIHS's pending motion for summary judgment.

SO ORDERED.

Entered this 22nd day of December, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge